UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

CHAPTER 13 PLAN
AND RELATED MOTIONS

Name of Debtor(s):  **Alice Thomas**                                        Case No: **18-12376**

This plan, dated **September 19, 2018**, is:

- ☐ the *first* Chapter 13 plan filed in this case.
- ☑ a modified Plan, which replaces the
  - ☐ confirmed or ☑ unconfirmed Plan dated **7-31-18**.

  Date and Time of Modified Plan Confirmation Hearing:
  **October 25, 2018 @ 11 AM**
  Place of Modified Plan Confirmation Hearing:
  **Judge Kindred's Courtroom, 200 S. Washington Street, 3rd Floor, Courtroom III, Alexandria, VA.**

  The Plan provisions modified by this filing are:
  **2, 3B, 4A and D,**

  Creditors affected by this modification are:
  ____

**1. Notices**

**To Creditors:**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.**

**The following matters may be of particular importance.**

**Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
|---|---|---|---|
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ☑ Not included |
| C. | Nonstandard provisions, set out in Part 12 | ☐ Included | ☑ Not included |

**2.    Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of **$1,212.00 per month for 2 months, then $568.00 per month for 58 months**.

Other payments to the Trustee are as follows:

   The total amount to be paid into the Plan is $ **35,368.00**  .

**3.    Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A.    **Administrative Claims under 11 U.S.C. § 1326.**

      1.    The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

      2.    Check one box:

Page 1

☑ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $ **4,500**, balance due of the total fee of $ **5,150** concurrently with or prior to the payments to remaining creditors.

☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

**B.    Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Commonwealth of Virginia** | **Taxes and certain other debts** | 1,232.00 | Prorata<br>19 months |
| **Commonwealth of Virginia** | **Taxes and certain other debts** | 153.00 | Prorata<br>19 months |
| **Commonwealth of Virginia** | **Taxes and certain other debts** | 153.00 | Prorata<br>19 months |
| **Commonwealth of Virginia** | **Taxes and certain other debts** | 0.00 | Prorata<br>0 months |
| **INTERNAL REVENUE SERVICE** | **Taxes and certain other debts** | 1,613.60 | Prorata<br>19 months |
| **INTERNAL REVENUE SERVICE** | **Taxes and certain other debts** | 2,439.00 | Prorata<br>19 months |
| **INTERNAL REVENUE SERVICE** | **Taxes and certain other debts** | 0.00 | Prorata<br>0 months |
| **INTERNAL REVENUE SERVICE** | **Taxes and certain other debts** | 0.00 | Prorata<br>0 months |
| **INTERNAL REVENUE SERVICE** | **Taxes and certain other debts** | 0.00 | Prorata<br>0 months |

**C.    Claims under 11 U.S.C. § 507(a)(1).**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **-NONE-** | | | |

**4.    Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

**A.    Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.**
The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Wells Fargo Dealer Svc** | **2011 BMW Z4 45000 miles** | **Opened  2/17/14  Last Active  5/18/18** | 16,394.00 | 24,100.00 |

**B.    Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **Wells Fargo Hm Mortgag** | **6516 River Tweed Lane Alexandria, VA 22312  Fairfax County Steve Karbelk, broker at Realty Markets, has looked at the property and has determined that, given its very poor condition, it is worth less than the mortgage.  Debtor may possibly try a modification.** | **468,811.00** | **468,811.00** |

C. **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D. **Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| **Wells Fargo Dealer Svc** | **2011 BMW Z4 45000 miles** | **16,394.00** | **5%** | **Prorata 36months** |

E. **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

5. **Unsecured Claims.**

A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __0__%. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__%.

B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **INTERNAL REVENUE SERVICE** | Unsecured and  Nondischargeable | **Paid100%** |
| **INTERNAL REVENUE SERVICE** | Unsecured and  Nondischargeable | **Paid100%** |

Page 3

**6.**     **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

      **A.**     **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|

**-NONE-**

      **B.**     **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|

**-NONE-**

      **C.**     **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|

**-NONE-**

**7.**     **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

      **A.**     **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|

**-NONE-**

      **B.**     **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|

**-NONE-**

**8.**     **Liens Which Debtor(s) Seek to Avoid.**

      **A.**     **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| -NONE- | | | | |

    **B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**9.** **Treatment and Payment of Claims.**
- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

**10.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**11.** **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**12.** **Nonstandard Plan Provisions**

    ☑ **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

Dated: **September 19, 2018**

**/s/ Alice Thomas**       **/s/ Edward Gonzalez**
**Alice Thomas**       **Edward Gonzalez #39882**
Debtor       Debtor's Attorney

    By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:**       **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

I certify that on ___**September 19, 2018**___, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

    **/s/ Edward Gonzalez**
    **Edward Gonzalez #39882**
    Signature

Page 5

**2405 I Street NW**
**Suite 1A**
**Washington, DC 20037**

Address

**202-822-4970**

Telephone No.

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on __**September 19, 2018**__ true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

**Alltran Financial LLP**
**PO Box 610**
**Sauk Rapids, MN 56379**

**Altus Global Trade Solutions**
**2400 Veterans Memorial Blvd.,**
**Suite 300**
**Kenner, LA 70062**

**Americas Servicing Co**
**Po Box 10328**
**Des Moines, IA 50306**

**Bmw Financial Services**
**5515 Parkcenter Cir**
**Dublin, OH 43017**

**Commonwealth of Virginia**
**Department of Taxation**
**PO Box 1880**
**Richmond, VA 23218**

**Commonwealth of Virginia**
**Department of Taxation**
**PO Box 1880**
**Richmond, VA 23218**

**Commonwealth of Virginia**
**Department of Taxation**
**PO Box 1880**
**Richmond, VA 23218**

**Commonwealth of Virginia**
**Department of Taxation**
**PO Box 1880**
**Richmond, VA 23218**

**Commonwealth of Virginia**
**Department of Taxation**
**PO Box 1880**
**Richmond, VA 23218**

**First Premier Bank**
**3820 N Louise Ave**
**Sioux Falls, SD 57107**

**Fnb Omaha**
**Po Box 3412**
**Omaha, NE 68103**

Page 6

**Fnb Omaha**
**Po Box 3412**
**Omaha, NE 68103**

**INTERNAL REVENUE SERVICE**
**P O Box 7346**
**Philadelphia, PA 19101**

**INTERNAL REVENUE SERVICE**
**P O Box 7346**
**Philadelphia, PA 19101**

**INTERNAL REVENUE SERVICE**
**P O Box 7346**
**Philadelphia, PA 19101**

**INTERNAL REVENUE SERVICE**
**P O Box 7346**
**Philadelphia, PA 19101**

**INTERNAL REVENUE SERVICE**
**P O Box 7346**
**Philadelphia, PA 19101**

**INTERNAL REVENUE SERVICE**
**P O Box 7346**
**Philadelphia, PA 19101**

**INTERNAL REVENUE SERVICE**
**P O Box 7346**
**Philadelphia, PA 19101**

**INTERNAL REVENUE SERVICE**
**P O Box 7346**
**Philadelphia, PA 19101**

**INTERNAL REVENUE SERVICE**
**P O Box 7346**
**Philadelphia, PA 19101**

**Navient**
**Po Box 9500**
**Wilkes Barre, PA 18773**

**Portfolio Recov Assoc**
**120 Corporate Blvd Ste 1**
**Norfolk, VA 23502**

**Quick Bridge Funding L**
**410 Exchange Ste 150**
**Irvine, CA 92602**

**Samuel I White, PC**
**1804 Staples Mill Road**
**Suite 200**
**Richmond, VA 23230**

**Wells Fargo Dealer Svc**
**Po Box 1697**
**Winterville, NC 28590**

**Wells Fargo Hm Mortgag**

**8480 Stagecoach Cir**
**Frederick, MD 21701**

**Wilshire Crd**
**4909 Savarese Circle Fl1-908-0**
**Tampa, FL 33634**

☑ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

☑ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P on Wells Fargo Dealer Services for auto loan interest rate "cram down."

/s/ Edward Gonzalez
**Edward Gonzalez #39882**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                              Best Case Bankruptcy